# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AUSTIN EDWARD LIGHTFEATHER, Author, Civil Rights Leader (Bower), <br><br> Plaintiff, <br><br> vs. <br><br> PETE RICKETTS, Govenor of Nebraska; LT. GOVENOR OF NEBRASKA; TONY VARGAS, Senator; JUSTIN WAYNE, Senator; MIKE FLOOD, Senator; ANNA WISHART, Senator; PATTY PANSING BROOKS, Senator; KATE BOWLS, Senator; MARVEN DORN, Senator; BRAD ASHFORD, Senator; JOHN CAVANAUGH, Senator; JOHN STINNER, Senator; MIKE GROANE, Senator; TERREL MCKENNY, Senator; MCCALLISTER, Senator; MACHALA CAVANAUGH, Senator; GUIEST, Senator; LEGAL AID FOR EACH INDIVIDUAL SENATOR; REPUBLICAN PARTY OF NEBRASKA STATE SENATE; DEMOCRADIC PARTY OF NEBRASKA STATE SENATE; CENSORSHIP COMITTE BOARD; NEBRASKAS STATE PARDONS BOARD; YOUNG REPUBLICANS ORGINIZATION OF NEBRASKA; PAUL HAMMAL, Omaha World Harold; JOANN YOUNG, Lincoln Journal Star; DEVELOPMENTAL DISABILITY SERVICES, DEPARTMENT OF HEALTH & HUMAN SERVICES; CITY OF LINCOLN; LINCOLN CITY | 8:21CV165 <br><br> **MEMORANDUM AND ORDER** |

LIBRARIES; DRUE L. BOWER; BRENDA STINSON; and JEVON WOODS,

                Defendants.

Plaintiff is currently incarcerated at the Lancaster County Jail. The court has granted Plaintiff permission to proceed in forma pauperis (Filing 8), and the court now conducts an initial review of the Complaint (Filing 1) to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff sues the Nebraska governor and lieutenant governor, several state senators and their aides, state political parties, a state political organization, the "Censorship Committee Board," the State Pardons Board, journalists, a state agency, the City of Lincoln and its libraries, and three individuals under 42 U.S.C. § 1983 for violations of the First and Ninth Amendments. After briefly summarizing four of his other lawsuits pending in this court (Filing 1 at CM/ECF p. 7), Plaintiff alleges that:

• The Defendants conspired to violate his civil rights by "caus[ing] the public to forget my work as a civil rights activist but remember me in a degrading way of memorial." (Filing 1 at CM/ECF p. 7 (capitalization corrected).)

• Defendant Joann Young, a newspaper journalist, portrayed Plaintiff as a "snitch" and "mentally ill" in an August 16, 2015, Lincoln Journal-Star newspaper article. (Filing 1 at CM/ECF p. 8.)

• Defendant Chalupka was Plaintiff's attorney when he wished to file a lawsuit against the state and the ACLU.

2

- Defendant Paul Hammal [sic], a newspaper journalist, refused to write a story about Plaintiff.

- Defendant Brenda Stinson "claims she applied for my Developmental Disability services & the state denied me, it was the 3rd time the state denied me D.D. services, stating 'autism' does not fit the crit[eria] . . . ." (Filing 1 at CM/ECF p. 9 (capitalization corrected).)

- A city police officer asked Plaintiff to remove a YouTube video about the government and its "war on autism." (Filing 1 at CM/ECF p. 9 (capitalization corrected).)

- Plaintiff was "set up to be murdered by 'confidential inform[ants]' who worked for V.I.C.E. Criminal Investigations outside my . . . apartments . . . ." (Filing 1 at CM/ECF p. 9 (capitalization corrected).)

- The state legislature funded "all of these encounters . . . to block my voice from being heard, to pay the police to have me murdered, arrested, ticketed or jailed." (Filing 1 at CM/ECF p. 9.)

- Defendant Drue Bower, a family member of Plaintiff's, lied about being raped by Plaintiff. (Filing 1 at CM/ECF p. 9.)

For relief, Plaintiff requests that the "federal government . . . intervene & set the record straight"; that the "government . . . ban negative use of my name"; that Plaintiff "be remembered as the 'grandson of a code talker,' 'the voice of the voiceless,' 'an author who won awards,' not remembered as . . . being 'gay, mentally ill, disturbed, & a rap[i]st, as well as a racist'"; that it be illegal to slander Plaintiff's name; that those who use "degrading term[s]" against Plaintiff be subject to a federal law imprisoning them; that Plaintiff be "protect[ed] . . . in history" and "remembered for the good I have done, not the lies of those who claim the bad"; and "to keep a

3

legacy of protection to my grandfather . . . ." (Filing 1 at CM/ECF p. 10 (capitalization corrected).)

## II.  LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

### A. Ninth Amendment Claim

As an initial matter, Plaintiff does not, and cannot, state a claim under the Ninth Amendment. The Ninth Amendment provides that "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const., Amend. IX. The Ninth Amendment does not confer substantive rights in addition to those conferred by other portions of our governing law, *Gibson v. Matthews*, 926 F.2d 532, 537 (6th Cir. 1991), so cannot form the basis for a § 1983 claim. *Henderson v. S & W Foreclosure Corp.*, No. 1:11CV169, 2012 WL 43505, at *2 (E.D. Mo. Jan. 9, 2012); *Albert v. Lee*, No. CV 04-1014, 2005 WL 8163277, at *19 n.17 (D. Minn. Mar. 3, 2005), *report and recommendation adopted,* No. CV 04-1014, 2005 WL 8163275 (D. Minn. Mar. 31, 2005).

### B. Purported Section 1983 Claims

To the extent Plaintiff has attempted to allege federal constitutional claims under 42 U.S.C. § 1983, he has failed to do so because:

(1) With the exception of Defendants Young, Hammal [sic], Chalupka, Stinson, and Bower, Plaintiff does not explain how the Defendants' own individual actions violated the Constitution. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (to assert a section 1983 claim, the "plaintiff must plead that each Government-official defendant, through the official's *own individual actions*, has violated the Constitution") (emphasis added); *see also Manning v. Cotton*, 862 F.3d 663, 668 (8th Cir. 2017) ("a person may be held personally liable for a constitutional violation only if his *own* conduct violated a clearly established constitutional right") (internal quotation marks and citation omitted); *Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014) ("To state a claim under § 1983, the plaintiff must plead that a government official has personally violated the plaintiff's constitutional rights.") (citation omitted).

5

(2) Plaintiff's limited allegations against Defendants Young, Hammal [sic], Chalupka, Stinson, and Bower either hint at possible state causes of action (i.e., defamation, administrative appeal from denial of state benefits) that will not be considered in the absence of a federal claim or constitute no claim whatsoever (i.e., lying, failing to write newspaper story about Plaintiff, serving as Plaintiff's attorney). *Gibson v. Weber*, 433 F.3d 642, 647 (8th Cir. 2006) ("Congress unambiguously gave district courts discretion in 28 U.S.C. § 1367(c) to dismiss supplemental state law claims when all federal claims have been dismissed . . . ."). Further, section 1983 claims may only be asserted against state actors, *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001), and it is not apparent that these individual Defendants are state actors.

(3) Many of Plaintiff's allegations are fanciful and delusional (i.e., the state legislature funded everything about which Plaintiff complains in order to block his voice from being heard), as are his requested remedies (i.e., ordering the federal government to ban the negative use of Plaintiff's name, including imprisoning anyone who degrades Plaintiff, and to protect Plaintiff "in history" such that he is remembered for his good deeds). *Denton v. Hernandez*, 504 U.S. 25, 32-34 (1992) (court may dismiss complaint of plaintiff proceeding in forma pauperis as frivolous and may disregard clearly baseless, fanciful, fantastic, or delusional factual allegations); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (dismissing complaint as frivolous and stating that "[a] complaint is frivolous when it lacks an arguable basis in either law or fact") (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

## C. Complaint Fails to Comply With Federal Rules of Civil Procedure

In addition to the above insufficiencies, Plaintiff's Complaint fails to comply with the Federal Rules of Civil Procedure.

While a plaintiff may join in one action as many claims as he has against a single defendant, *see* Fed. R. Civ. P. 18(a), "[i]n actions where more than one

6

defendant is named, such as the one at bar, the analysis under Rule 20 precedes that under Rule 18." *Houston v. Shoemaker*, No. 2:16-CV-36-CDP, 2017 WL 35699, at *2 (E.D. Mo. Jan. 4, 2017). Rule 20 provides in part: "Persons . . . may be joined in one action as defendants if . . . any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Thus, "[d]espite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action *only if* plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all." Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1655 (3d ed. Westlaw 2021) (emphasis added). "All 'logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence." *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974). Without knowing which Defendants committed which acts, the court cannot determine whether Plaintiff has asserted at least one claim that arises out of the same transaction or occurrence and presents questions of law or fact common to all Defendants, as required by Rule 20.

Although courts construe pro se pleadings liberally, pro se litigants, like all other parties, must abide by the Federal Rules of Civil Procedure. *See, e.g., Williams v. Harmon*, 294 Fed. App'x 243, 245 (8th Cir. 2008) (affirming dismissal where pro se litigant failed to comply with the Federal Rules of Civil Procedure). "Requiring *pro se* prisoners to adhere to the federal rules regarding joinder of parties and claims prevents 'the sort of morass [a multiple claim, multiple defendant] suit produce[s],' avoids confusion, ensures that prisoners pay the required filing fees, and prevents prisoners from circumventing the PLRA's three strikes rule." *Evans v. Deacon*, No. 3:11-CV-00272-ST, 2016 WL 591758, at *7 (D. Or. Feb. 12, 2016) (quoting *George v. Smith*, 507 F.3d 605, 607 (9th Cir. 2007)) (citations omitted). Unrelated claims involving different defendants belong in different suits. *George*, 507 F.3d at 607 (holding that state prisoner's § 1983 action asserting 50 claims against 24 defendants should have been brought as separate actions, since defendants did not participate in

7

the same transaction or series of transactions, and question of fact was not common to all defendants).

"Misjoinder of parties is not a ground for dismissing an action," but the court on its own may "drop a party" or "sever any claim against a party" in order to eliminate the misjoinder. Fed. R. Civ. P. 21. Rather than dropping parties or severing claims on its own at this time, the court will give Plaintiff an opportunity to file an amended complaint that complies with Rule 20(a)(2). Plaintiff is warned that upon screening the amended complaint, the court will consider whether any unrelated claims should be severed. If Plaintiff's amended complaint sets forth unrelated claims, and the court decides severance is appropriate, **Plaintiff will be required to prosecute unrelated claims in separate actions, and he will be required to pay a separate filing fee for each separate action.** *See Morrow v. Straughn*, No. 5:13CV00135, 2014 WL 1389091, at *1 (E.D. Ark. Apr. 9, 2014) (in § 1983 suit challenging limits on access to prison library and legal publications and materials, plaintiff could not properly join under Fed. R. Civ. P. 20(a)(2) two new defendants and claims for access to courts, freedom of religion, and retaliation because such claims were "factually and legally unrelated to the claims currently pending against the Defendants named in this lawsuit").

In filing his amended complaint, the Plaintiff should remember that the Federal Rules of Civil Procedure also require parties to formulate their pleadings in an organized and comprehensible manner:

> Specifically, Federal Rule of Civil Procedure 8(a)(1)-(3) requires that a complaint contain a "short and plain statement of the grounds for the court's jurisdiction," a "short and plain statement" of the plaintiff's claims and a "demand for the relief sought." Federal Rule of Civil Procedure 8(d)(1) provides that, although no technical form of pleading is required, each claim must be simple, concise and direct. Federal Rule of Civil Procedure 10(b) directs parties to separate their claims within their pleadings and provides that each claim should be limited as far as practicable to a single set of circumstances. In addition, Rule 10(b) makes clear that each claim that is founded on a separate transaction or

8

> occurrence must be stated in a separate count when doing so would promote clarity.

*McPeek v. Unknown Sioux City DEA Officers*, No. C17-4011-LTS, 2017 WL 1502809, at *3 (N.D. Iowa Apr. 25, 2017), *aff'd sub nom. McPeek v. Sioux City DEA Unknown Officers*, No. 17-2030, 2017 WL 5440036 (8th Cir. Sept. 29, 2017).

The primary purpose of Rule 8 is to allow the court and an opposing party to understand whether a valid claim is alleged and, if so, what it is; the complaint must be sufficiently clear so the court or an opposing party is not required to keep sifting through it in search of what it is plaintiff asserts. *Cody v. Loen*, 468 F. App'x 644, 645 (8th Cir. 2012) (per curiam) (unpublished opinion) (citing *Vicom, Inc. v. Harbridge Merch. Servs., Inc.,* 20 F.3d 771, 775-76 (7th Cir. 1994)). "A litigant cannot ignore her burden of developed pleading and expect the district court to ferret out small needles from diffuse haystacks." *Murillo v. Kittelson*, No. 8:19CV571, 2020 WL 3250231, at *3 (D. Neb. June 16, 2020) (quoting *United States v. Slade*, 980 F.2d 27, 31 (1st Cir. 1992)).

If the Plaintiff files an amended complaint, he must comply with Rules 8 and 10, as well as Rule 20, discussed above. *See, e.g., Chandler v. Pogue,* 56 Fed. App'x 756 (8th Cir. 2003) (per curiam) (unpublished opinion) (holding district court did not abuse its discretion by dismissing pro se inmate's lengthy complaint for failure to comply with Rules 8 and 10). In addition, the Plaintiff must identify personal involvement or responsibility by each named Defendant for constitutional violations. *See Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999) (stating that prisoner must allege a defendant's personal involvement or responsibility for constitutional violations to state a § 1983 claim); *see also Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) ("Although it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions.").

## IV. CONCLUSION

In its present form, Plaintiff's Complaint fails to state a plausible claim for relief against any of the Defendants. However, the court will grant Plaintiff 30 days from the date of this Memorandum and Order to file an amended complaint that sufficiently states his proposed claims against specific, named defendants. The amended complaint must specify the capacity in which the defendants are sued and must set forth all of Plaintiff's claims (and any supporting factual allegations) against *each* defendant. Plaintiff should be mindful to explain what each defendant did to him, when each defendant did it, and how each defendant's actions harmed him. Further, Plaintiff's amended complaint must comply with Federal Rules of Civil Procedure 8, 10, and 20, as discussed above. Plaintiff is warned that any amended complaint he files will supersede, not supplement, his prior pleadings.

If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, this action will be dismissed without prejudice and without further notice. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A after he addresses the matters set forth in this Memorandum and Order.

IT IS ORDERED:

1. Plaintiff is granted leave to file an amended complaint on or before **October 1, 2021**. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff. In his amended complaint, Plaintiff must state the capacity in which each defendant is sued and set forth all of Plaintiff's claims (and any supporting factual allegations) against *each* defendant. Plaintiff should be mindful to explain in his amended complaint what each defendant did to him, when each defendant did it, and how each defendant's actions harmed him. Plaintiff's amended complaint shall comply with Federal Rules of Civil Procedure 8, 10, and 20, as discussed above.

2. In the event Plaintiff files an amended complaint, failure to consolidate all claims into **one document** may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

3. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A in the event he files an amended complaint.

4. The Clerk of the Court is directed to set a pro se case management deadline using the following text: October 1, 2021—amended complaint due.

5. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

DATED this 30th day of August, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge